F I L E D

CLERK OF COURT

2025 MAY -9 PM 4: 18

SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

| OFFICE OF THE ATTORNEY GENERAL, | SPECIAL PROCEEDINGS NO. SP0101-24 |
|---|---|
| Petitioner, | |
| vs. | **DECISION AND ORDER** |
| THE GUAM CIVIL SERVICE COMMISSION, | *Re: Petitioner's Motion to Dismiss Real Party in Interest's Counterclaim for Declaratory Judgment Pursuant to 7 GCA § 26801 and 3105* |
| Respondent, | |
| VIVIAN NISPEROS, | |
| Real Party in Interest. | |

This matter came before the Honorable Arthur R. Barcinas on January 28, 2025, for a hearing of Petitioner, the Office of the Attorney General's ("OAG") Motion to Dismiss Real Party in Interest's Counterclaim for Declaratory Judgment Pursuant to 7 GCA § 26801 and 3105 ("Petition"), filed on November 14, 2024. The OAG was represented by Assistant Attorney General Nathan Tennyson, and Real Party in Interest Vivian Nisperos ("Nisperos") was represented by Attorney Jacqueline T. Terlaje.

## BACKGROUND

On September 11, 2023, after more than thirty (30) years as a classified employee, Nisperos submitted a Notice of Intent to Attorney General Douglas Moylan. In the Notice, she gave two weeks' notice that her last physical day at the OAG would be September 22, 2023, and stated that she intended to exhaust her accrued leave -- 831.5 hours of annual leave and

more than 350 hours of "flex time" – during the subsequent period from September 25, 2023 to April 5, 2024.

On September 13, 2023, the OAG responded to Nisperos with a "Letter of Resignation" formally accepting her September 11 Notice and making her termination effective as of September 15, 2023. On September 27, 2023, Nisperos filed a "Notice of Appeal of Termination" with the Civil Service Commission ("CSC"), asserting that she should be deemed to have resigned and should have the right to use her approved leave. The OAG moved to dismiss the appeal, arguing that resignation is not subject to adverse-action review. However, on April 25, 2024, the Commission voted 3-1 against dismissal and set the matter on for a full merits hearing. After hearings on April 30, May 8, and May 21, 2024, the Commission again voted 3-1 that the OAG failed to prove that the alleged "resignation" was valid and found that Nisperos had been effectively dismissed without due process.

On June 25, 2024, the Commission ordered Nisperos' immediate reinstatement with full back pay, benefits, and fees. On July 24, 2024, the OAG filed a Petition for Writ of Judicial Review and Declaratory Judgment under 5 GCA § 9309. On September 16, 2024, Nisperos responded with an Answer and Counterclaim for Declaratory Relief, citing the Superior Court's jurisdiction under 7 GCA §§ 26801 and 3105. She argued the CSC's Decision entitled her to reinstatement and full compensation under 4 GCA § 4406(g)-(h). Nisperos further claimed the OAG had failed to comply, creating a live dispute warranting declaratory judgment to enforce the Decision and award attorneys' fees and costs.

On November 14, 2024, the OAG filed the instant Motion to Dismiss ("Motion") pursuant to Guam Rules of Civil Procedure ("GRCP") Rule 12(b)(6) for failure to state a claim for which relief can be granted. The OAG asserted that Nisperos's request for declaratory relief

lacked a justiciable case or controversy, fails to state a plausible claim for relief, and improperly duplicates issues in the pending Petition for Writ of Judicial Review.

On January 28, 2025, the Court took the Motion under advisement.

## DISCUSSION

Under 7 GCA § 26801, a person may seek a declaratory judgment to clarify their legal rights or duties in cases of actual controversy. The court may issue a binding declaration, affirmative or negative, with the force of a final judgment, even before any breach occurs, and may combine it with other relief.

GRCP Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. Guam law requires only a concise statement showing entitlement to relief, adhering to a liberal notice pleading standard. *Ukau v. Wang*, 2016 Guam 26 ¶¶ 33, 52-53. Dismissal is warranted only if it is clear the plaintiff can prove no facts supporting their claim. *Taitano v. Calvo Finance Corp.*, 2009 Guam 9 ¶ 6. The court must view the complaint in the light most favorable to the plaintiff, resolving doubts in their favor, and limit review to the complaint, attached exhibits, referenced documents, or heavily relied-upon materials. *Wang*, 2016 Guam 26 ¶ 51; *Core Tech Int'l Corp. v. Hanil Eng. & Constr. Co.*, 2010 Guam 13 ¶ 29.

The OAG moves for dismissal, arguing that Nisperos's Counterclaim lacks a present controversy. It asserts that the CSC's May 25, 2024, Decision and Judgment does not create an actual dispute warranting declaratory relief. However, by seeking review while refusing compliance, the OAG challenges the Decision's finality, creating an immediate legal dispute under 7 GCA § 26801.

The OAG also contends that Nisperos fails to meet the plausibility pleading standard under *Twombly*, 550 U.S. 544 (2007). However, Guam courts follow a more lenient notice

pleading standard, requiring only fair notice of a claim. *Wang*, 2016 Guam 26 ¶ 23, 33. Nisperos's Counterclaim explicitly references the CSC's Decision, her reinstatement rights under 4 GCA § 4406(g)-(h), and the OAG's ongoing non-compliance—sufficient to state a claim for declaratory relief.

Finally, the OAG argues the Counterclaim is impermissibly duplicative, asserting that it merely reiterates issues already being litigated. This mischaracterizes the claim. Nisperos seeks a substantive declaration of legal rights, while the OAG's Petition for Writ of Judicial Review addresses procedural correctness. These are distinct remedies, and declaratory judgment would not improperly duplicate the review process. Accordingly, the Court finds no impermissible duplication.

These undisputed facts demonstrate a substantial and immediate controversy between Nisperos and the OAG regarding the OAG's legal duties under Guam law. The OAG's failure to comply with the CSC's D&O and statutory mandates creates an ongoing dispute over Nisperos' right to reinstatement and the enforcement of penalties for non-compliance. This controversy is distinct from the underlying merits of the CSC's D&O, which the OAG challenges in its petition. The Counterclaim does not seek to enforce the D&O's substantive remedies (e.g., backpay amounts) but to clarify and enforce the OAG's procedural obligations pending judicial review, as mandated by 4 GCA § 4406.

/ / /

/ /

/

## CONCLUSION

Based on the foregoing, Petitioner's Motion to Dismiss Real Party in Interest's Counterclaim for Declaratory Judgment is **DENIED** in its entirety, and the Court **ORDERS** that the OAG file its Answer to the Counterclaim within fourteen (14) days of the issuance of this Decision.

**IT IS SO ORDERED** _____ MAY 0 9 2025 _____ .

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam